UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAVERE LEE-BRYANT,

        Plaintiff,                              Case No. 2:08-cv-224

v.                                               Honorable R. Allan Edgar

RUDOLPH KLEEMAN et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

  I.  Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility, but complains of events that occurred while he was housed at the Alger Maximum Correctional Facility (LMF). On November 15, 2006, Resident Unit Officer Rudolph Kleeman issued Plaintiff a major misconduct ticket for sexual misconduct. Officer Kleeman alleged that he observed Plaintiff through his six-inch cell door window. Plaintiff was naked and holding his penis in his hand. Plaintiff denied the charges at his hearing. Hearing Officer Linda Maki declined to review the security camera video after noting that hall video cameras show only the hallways and the front of cells, not the inside of cells. The hearing officer chose to believe Officer Kleeman's testimony, and found Plaintiff guilty of the charge. Plaintiff was sanctioned with 15 days of disciplinary time and 30 days of lost privileges. Hearing Officer Maki's report was forwarded to the parole board. On April 9, 2007, Plaintiff requested a rehearing, which was denied by Hearing Officer Richard Stapleton. On August 20, 2008, the Parole Board denied Plaintiff a parole based in part on Hearing Officer Maki's report.

  Plaintiff brings this action against Rudolph Kleeman, Assistant Resident Unit Supervisor Kevin Castello, Linda Maki, Richard Stapleton, Unknown Nowacki, Resident Unit Manager Curtis Rife, Warden David Bergh, Manager of Prisoner Affairs James Armstrong, and Parole Board members Miguel Berrios and Laurin Thomas. Plaintiff claims Defendants violated his equal protection and due process rights. For relief, he seeks monetary damages.

> II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.  Equal Protection

Plaintiff claims that he was treated unfairly by Defendants in violation of the Equal Protection Clause of the Fourteenth Amendment, which provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV.  This is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1997).  Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id.* at 265-66.  In order to be entitled to strict scrutiny, a plaintiff must demonstrate that he was victimized by some suspect classification. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992).  Prisoners are not members of a protected class for equal protection purposes.  *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Plaintiff does not claim that Defendants treated him unfairly because of his membership in a protected class, and therefore, he is not entitled to strict scrutiny.

The Supreme Court, however, has recognized that an equal protection claim may be stated by a "class of one," where the plaintiff alleges that he or she has been intentionally treated differently from others who are similarly situated and that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S.562, 564 (2000).  Under a "class of one" theory, a plaintiff must include in his complaint facts that demonstrate disparate treatment of similarly situated individuals. *Id.* At 564; *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004).  Plaintiff fails to allege any facts demonstrating that he was treated differently than other similarly situated prisoners.  Plaintiff's equal protection claim is based merely on his unsupported, generic allegation

that his equal protection rights were violated. Accordingly, the equal protection claim must be dismissed.

### B. Due Process

Plaintiff claims that he was falsely convicted of sexual misconduct, a major misconduct. The Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007); *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at \*2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

In *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding, before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Id.*; *Thomas*, 481 F.3d at 439; *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The Court noted that "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Plaintiff's allegation that Defendants relied on false information to deny his parole also fails to state a claim. In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-

2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).  Because Plaintiff has no liberty interest in being paroled, he cannot show that the false information was relied upon to a constitutionally-significant degree.  *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation).  Therefore, Plaintiff fails to state a claim for a violation of his due process rights arising from the denial of his parole.

                C.  State law

        Plaintiff has asserted claims of malicious prosecution and false imprisonment, which are claims arising under state law.  Section 1983 provides a remedy for violations of constitutional rights, but does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction.  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental

jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991). These claims will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   11/27/08                               /s/ R. Allan Edgar
                                               R. Allan Edgar
                                               United States District Judge